**STATE, ex rel. RUTH, Relator, v HOFFMAN, Respondent.**

Ohio Appeals, First District, Hamilton County.

No. 6779.   Decided February 24, 1947.

Francis T. Bartlett, Cincinnati, for relator.

Carl W. Rich, Cincinnati, and Thomas Stueve, Cincinnati, for respondent.

## OPINION

By MATTHEWS, PJ.:

By this proceeding, the relator seeks to invoke the original jurisdiction of this Court to issue a writ of mandamus, directing the Judge of the Court of Common Pleas of Hamilton County, Division of Domestic Relations, to enter upon its journal a decree of divorce.

It is alleged in the petition that the divorce case came on to be heard on September 16th, 1946, before the late Frederick L. Hoffman, now deceased, one of the Judges of the Court of Common Pleas of Hamilton County, Ohio; that at the conclusion of the trial said Judge announced that a divorce was granted the parties on the cross-petition of the relator's wife, and directed counsel to submit a statement of the property settlement which had been agreed to by the parties, as disclosed at the trial, and also entered "a memorandum or memorial upon the records" of the Division of Domestic Relations as follows: "Divorce granted. Parties to bring in property settlement;" that after the death of Frederick L. Hoffman, the respondent, Charles W. Hoffman, as judge of the Court of Common Pleas, Division of Domestic Relations, assumed jurisdiction of said divorce case, to whom the relator applied for a hearing limited to a consideration of the property settlement, whereupon, said Judge Charles W. Hoffman announced the case would be reset and retried "as he would not sign a decree for divorce granted by another judge."

The respondent demurred generally to the petition.

As the prayer of the petition is that the respondent be ordered to enter a decree of divorce it is manifest that the court has made no entry upon its journal. At the hearing of the demurrer it was explained by counsel for the relator that the records referred to in the petition upon which the memorandum or memorial was made were not official records required by law to be kept, but were simply statistical records kept for the convenience and information of the judge.

It is not claimed that this record upon which the memorandum was made was a record required by law to be kept, and even if it had been such a record other than the journal, it would not necessarily be a judgment of the court, as for

instance, an entry upon the trial docket. **Krasny v Metropolitan Life Ins. Co., 143 Oh St, 284.**

That a judge speaks as the court only through the journal of the court is well settled. "A decision is not the oral pronouncement of the judge made from the bench, as distinguished from the more deliberate decision of the court speaking through its journal entry." **11 O. Jur. 758; Fountain v Pierce, 123 Oh St, 609.** See, **Will v McCoy, 135 Oh St, 241,** and **State, ex rel. v Day, Judge, 136 Oh St, 477.**

Of course, if the circumstances disclose a non-discretionary duty to speak through the journal, the judge may be compelled to so speak. **25 O. Jur., 1149;** and **35 Am. Jur., 46.**

The question presented by this demurrer is whether the mere oral announcement or a written statement of intention made at the conclusion of a trial creates a non-discretionary duty to thereafter journalize such intention. Is such a statement of intention unalterable?

From time out of mind judges have been given complete control over the journals of their courts, with full power in the exercise of a sound discretion to make them speak the deliberate and settled intention of the judge. This control extends not only to determining what shall be entered on the journal in the first place but, also, during the term of court, to modifying or vacating entries already made. This control as to entries made is limited to the term at which they are made. On the expiration of the term they become fixed and the complete control, residing in the judge, no longer exists. This power to enter or to vacate is fully recognized in Ohio. **23 O. Jur., 660.**

In the case of **State, ex rel. v Brookes, 142 Oh St, 107,** the court said:

"A 'decision is rendered,' within the meaning of §11578 GC, when there is filed with the clerk for journalization a finding which determines the issues submitted. (**In re Estate of Lowry, 140 Oh St, 223,** approved and followed.)"

And it would be hard—impossible in fact—to maintain the position that while the judge who has announced his conclusion is free to change his mind at any time before journalization, another judge, upon whom his duties devolved upon his death, is not equally free.

Two cases recently decided by Courts of Appeal are dispositive of this case—one, by the Court of Appeals of the Sixth District, and one by this Court. Both cases dealt with the duty of a successor judge to carry out the alleged inten-

tion of a judge, who had died without reducing such intention to a journal entry. The Sixth District case is that of **State, ex rel. v Carey, 76 Oh Ap, 478.** The court held, as stated in the syllabus, that:

' "A judge of the Court of Common Pleas having died after making a notation 'Overruled. See J. E.' on the motion docket of that court as to a pending motion for a new trial, his successor, or his surviving associates, cannot be compelled by mandamus to approve and file a formal journal entry over-ruling such motion and entering final judgment."

. The case decided by this Court is **State, ex rel. v Leiser, Judge, 67 Oh Ap, 350,** in which we held, as stated in the syllabus, that:

"A writ of mandamus will not lie to compel a successor judge of a Probate Court to sign and place on the journal of the court an entry allowing attorney fees, where the predecessor judge had appointed the attorneys in an action to construe a will, and had made a finding and rendered a written opinion adjudging the attorneys to be entitled to a certain fee, but had died before preparing any journal entry allowing such fees."

In the opinion in that case, we set forth fully the authorities and reasons upon which we relied and shall not repeat them here.

Counsel for relator relies chiefly upon **Smith v Smith,** and **State, ex rel. v Hoffman, Judge, 103 Oh St, 393.** Those cases require some study. As there is no syllabus, the statements of facts as well as the opinion of the court must be analyzed in order to disclose the ratio decidendi.

The proceeding in mandamus was commenced in the Court of Appeals. In the petition it was alleged that the relator's wife brought an action for divorce against him, that he was duly served with summons, but filed no pleading and offered no evidence at the trial, and at the conclusion of the hearing, the court "announced and rendered his decision, granting a decree of divorce to the plaintiff," but that this decree was not spread upon the journal.

It is also alleged that the relator, relying upon the announcement, remarried.

It is then alleged that thereafter the relator filed a motion to have the decree of divorce entered and tendered such a

decree, and that his motion came on for hearing at which the judge after hearing arguments, and over the protest of relator, "dismissed and refused to enter said decree."

The defendant judge by answer denied that he had announced or rendered a decision, granting a decree of divorce and as to the relator's motion that a decree of divorce be entered he alleged, that it came on for hearing on June 23rd, 1920, and the court finding it not well taken overruled the motion.

The defendant then alleged that the relator's wife made oral application on June 18th, 1920 "to withdraw said cause No. 173511 from further consideration by the court and for leave to dismiss her action at her costs; and that said motion so made came on for hearing and arguments by counsel, and the court being fully advised in the premises found the same to be well taken and granted same and that on the 29th day of June, 1920, the court ordered, adjudged, and decreed that said cause ———— be, and the same was dismissed."

At the trial of the mandamus proceeding in the Court of Appeals, the defendant judge moved for judgment on the pleadings. That motion was sustained. The relator prosecuted error to the Supreme Court from that judgment.

In the meantime the relator had prosecuted error proceedings in the divorce case, seeking a reversal of the judgment of the court dismissing the cause. The Court of Appeals affirmed that judgment. The relator prosecuted error to the Supreme Court from that judgment of affirmance.

If we keep in mind that the Supreme Court disposed of both the mandamus case and also the divorce case in one opinion, whatever uncertainty that might otherwise seem to exist, is dispelled.

As to the mandamus case the court stated that as it had been disposed of in the Court of Appeals on the defendant's motion for judgment, the allegations of the relator's petition must be accepted as true. The relator's petition contained the allegation that "at the conclusion of the hearing on the evidence the judge 'announced and rendered his decision' granting a decree of divorce to the plaintiff on said 19th of March, 1920." That was one of the allegations which the court said must be considered as true. And the court said: "If the allegations of the relator are true, then it was the duty of the court to cause an entry of the decree to be made on its journal." But the court also pointed out that the defendant judge had denied that allegation and thereby an issue of fact had been raised. Of course an issue of fact cannot be determined on a motion for judgment on the pleadings. The Court of Appeals

should have overruled the motion for judgment and then decided the issue of fact. Whether the writ would have been awarded would have turned upon what was disclosed at the trial. If it should have appeared that the court had announced its decision and continued to be of that opinion, then, of course, the decision should be journalized, and a writ would issue requiring it, but the Supreme Court said: "Of course if new evidence were presented or the court should on reconsideration arrive at a different conclusion, the decree would be made accordingly."

Now, in the error proceeding in the divorce case, the only question was whether a party had a right to dismiss a case after its final submission and the Court held that under §11586 GC, as construed and applied in **Turner v Pope Motor Car Co., 79 Oh St, 153**, a litigant did not have that right.

The Supreme Court, therefore, reversed the judgment in the mandamus proceeding and in the divorce case but did not award a writ of mandamus or direct that a decree of divorce be entered. Later the mandamus proceeding in this court was dismissed, and the divorce case retried in the Common Pleas Court, and a divorce granted after such retrial, but the decree was entered nunc pro tunc of the date of the prior pronouncement.

From this review of what was done in these cases, it is manifest that the divorce decree was not entered in obedience to a writ of mandamus, and from what was said it is manifest that the Supreme Court had no intention of declaring that a writ of mandamus could be used to compel the journalization of a decree unless and until the judge had reached a final, unaltered conclusion, leaving nothing to be done other than the non-discretionary act of entering such unaltered conclusion upon the journal.

Because of the death of Judge Frederick L. Hoffman, the court cannot know that his announced conclusion continued to the time of his death or that he would now entertain the same conclusion.

For these reasons, we are of the opinion that it rests in the discretion of the judge upon whom the duties of the deceased judge were cast to determine the course to be pursued in the progress of the case interrupted by the death of his associate, and that this discretion cannot be controlled by a writ of mandamus.

The demurrer to the petition is, therefore, sustained.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.