GLOBE INDEMNITY CO. ET AL., APPELLANTS, *v.* JOHNSON,
APPELLEE.

[Cite as Globe Indemnity Co. v. Johnson (1971),
27 Ohio App. 2d 177.]

(No. 71-9—Decided May 18, 1971.)

*Messrs. Earl & Warburton,* for appellants.
*Mr. Elbin Lusher Johnson,* for himself.

WHITESIDE, J. This is an appeal upon questions of law
from a judgment of the Franklin County Municipal Court
dismissing the petition of plaintiffs, appellants herein, and
entering judgment for defendant, appellee herein.

Plaintiffs, by their complaint, sought a money judg-
ment for damages to a motor vehicle owned by plaintiff
Automotive Rentals, Inc., and allegedly damaged by the
negligence of the defendant. Defendant was not represent-
ed by counsel, either in the trial court or in this court, and
filed a handwritten letter-answer. A narrative bill of ex-
ceptions was approved by the trial court and filed herein.
The narrative bill of exceptions indicates that it was stip-
ulated that the motor vehicle involved was owned by the
Automotive Rental, Inc., and that the reasonable cost of

repairing the vehicle was $607.81. The narrative bill further indicates that the defendant was called to testify as upon cross-examination, and testified that a collision occurred between Automotive Rentals' vehicle and a motor vehicle being operated by him, at which time the two motor vehicles were approaching each other, and both were left of center, with Automotive Rentals, motor vehicle being operated by a woman driver. The narrative bill further indicates that plaintiffs' counsel placed in evidence the highway patrol report of the accident, which showed the driver of Automotive Rentals' vehicle to be Mable Morgan, of New Haven, West Virginia.

The trial court entered the following judgment:

"Attorney for plaintiff and defendant were only parties present when this case was called. The Court finds the following facts adduced from the evidence:

"1. Automotive Rentals, Inc. was the owner of 1969 Ford Station Wagon that was involved in an accident with an automobile being driven by the defendant Elbin Johnson.

"2. That both drivers were contributorily negligent and each driver's negligence was the proximate cause of the damage.

"3. There was no evidence of a bailment in this case.

"The plaintiff's petition is therefore dismissed. * * *"

The sole assignment of error is that the trial court erred in dismissing the complaint of plaintiffs and entering judgment in favor of the defendant. The issue raised by plaintiffs in their brief and oral argument is whether negligence of the operator of a motor vehicle can be imputed to the owner of such motor vehicle where there is no evidence of the relationship, if any, between such operator and owner.

In the case of *McDougall* v. *The Glenn Cartage Co.* (1959), 169 Ohio St. 522, it is stated at page 524:

"Some cases hold that proof of the ownership of a vehicle raises a rebuttable presumption or an inference that the driver of the vehicle at a particular time was the owner's agent and acting for him. 5 American Jurisprudence, 869, Section 662. Other cases hold that mere proof

of ownership of a pleasure vehicle does not create a presumption or raise an inference that the person driving it at the time of an injury was the owner's agent acting for him; but as to commercial vehicles the rule is different because ordinarily the use of such type of vehicle is in the owner's business. 5 American Jurisprudence 871, Section 664.

"However, Ohio is firmly committed to the rule that mere proof of the ownership of an instrumentality is not enough to permit an inference that the one operating it at a given time was the owner's employee or agent acting for or on behalf of his employer or principal. *White Oak Coal Co.* v. *Rivoux, Admx.*, 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.) 1091, Ann. Cas. 1914C, 1082; *Bretzfelder* v. *Demeree*, 102 Ohio St., 105, 130 N. E. 505; *Halkias* v. *Wilkoff Co.*, 141 Ohio St., 139, 47 N. E. (2d), 199; *Jackson* v. *Frederick*, 152 Ohio St., 423, 89 N. E. (2d), 645; and *Gulla* v. *Straus*, 154 Ohio St., 193, 93 N. E. (2d), 662."

In *White Oak Coal Co.* v. *Rivoux*, 88 Ohio St. 18, it is stated at pages 30-32 that:

"There are some authorities which go to the extent of holding that where the plaintiff has suffered injury from the negligent management of a vehicle, it is sufficient *prima facie* evidence that the negligence is imputable to defendant, when it is shown that he is the owner of the vehicle, without even proving affirmatively that the person in charge is the defendant's servant. * * *

"But this court is not in accord with the authorities which hold that a *prima facie* case of negligence is made against a defendant upon the mere showing that he was the owner of the negligently operated automobile. Such a rule would be unjust and would work hardships. An automobile may be in the possession of one who wrongfully appropriates it to his own use, yet, under that doctrine, if such person negligently operates it to the injury of a third person, a *prima facie* case of negligence would be imputed to the owner. Nor do we think that proof of the additional fact that the operator was an employe of the owner raises a presumption of negligence against him, unless it appears that the duties of the employe are in connection with the

automobile or that he was operating the same with the authority—express or implied—of the owner.''

The first paragraph of the syllabus of the case of *Halkias* v. *Wilkoff Co.*, 141 Ohio St. 139, reads as follows:

''Mere proof of ownership of an instrumentality is not sufficient to raise an inference that a person operating it is in the owner's employ for that purpose, and as such is, at any specific time, acting within the scope of his authority. To raise such an inference it must be shown, in addition to such ownership, not only that the operator is an employee of the owner but that he is employed generally in the business of his employer to operate such instrumentality. (*Hozian* v. *Crucible Steel Casting Co.*, 132 Ohio St. 453, distinguished.)''

In the *Glenn Cartage Co.* case, *supra*, it was held that evidence that a commercial vehicle traveling on a highway bore the name of a person permits both an inference that such person owns the vehicle, and that it is being operated in his business. In this case, however, the only evidence is that the automobile was owned by Automotive Rentals, Inc., which is a corporation. There is no indication that the vehicle was a commercial vehicle, but, only, that it was a 1969 Ford station wagon, and no indication that it bore any identification or distinctive markings.

While it is arguable that an inference may be made that a person operating a motor vehicle is operating it in the business of the owner where the owner is proved to be a corporation, the foregoing cases foreclose such a conclusion. We, therefore, must conclude that the trial court erred in imputing to plaintiffs the negligence of the operator of plaintiff's vehicle, in the absence of any evidence to justify such imputation, evidence of ownership by a corporation not being sufficient.

For the foregoing reasons, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

TROOP, P. J., and STRAUSBAUGH, J., concur.