JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Patricia Ann Cleary issued in a case assigned to Judge Nancy Margaret Russo, that affirmed a decision of the Cleveland Board of Zoning Appeals (BZA) denying the request of appellants, Donald Ksiezyk and Doned, Inc., for an adult cabaret certificate of occupancy for Ksiezyk's property on West 25th Street. In addition to his arguments on the merits, Ksiezyk claims that Judge Cleary had no authority to enter an order in a case assigned to another judge. Appellee City of Cleveland claims that Judge Cleary's order was merely a ministerial act memorializing a judgment made by the assigned judge. We reverse and remand.
Ksiezyk owns property at 3127, 3129 and 3131 West 25th Street where his corporation, Doned, Inc., operates a bar called the Peek-a-Boo Club and features, in Ksiezyk's words, sophisticated, female, topless dancing performances.[1] On May 11, 1999, he applied to the City for a certificate of occupancy to allow the bar to operate as an adult cabaret as defined in Cleveland Codified Ordinances (C.C.O.) 347.07. The City's Commissioner of Building and Housing denied the application, and Ksiezyk appealed the ruling to the BZA.
At a hearing, Ksiezyk presented evidence that the property has been continuously operated as a topless bar for over twenty years, and possibly for as many as forty years, and contended that he was entitled to the requested certificate under R.C. 713.15, because the topless bar had been in operation prior to any zoning regulations that would prohibit his business. In addition he presented evidence that he was cited by the City in 1991 for operating the bar without the required certificate, but was found not guilty. He contended that the judgment was based on the bar's prior nonconforming use.
The City argued that the bar was not entitled to the certificate because it did not comply with the restrictions placed on zoning of adult entertainment uses in C.C.O. 347.07. It contended that in 1998 Ksiezyk had been cited for operating without the certificate and the BZA had heard and rejected his argument that he was entitled to operate as a prior nonconforming use. Ksiezyk countered that the 1998 violation notice was a discrete case that could not have preclusive effect. The BZA apparently accepted the argument that the earlier case did not preclude Ksiezyk from making the same argument in the present case but, nevertheless, affirmed the denial of the certificate.
Ksiezyk appealed the decision to the common pleas court and the case was assigned to Judge Russo. The parties submitted briefs and Ksiezyk, claiming that the BZA failed to consider his argument that the prior nonconforming use entitled him to the certificate, moved for an expanded hearing under R.C. 2506.03. The City objected and the judge denied the motion, but later granted Ksiezyk's renewed motion to expand the hearing on the grounds that a witness, City Building Inspector Dushan Kaluznic, had recanted previous deposition testimony and would provide further corroboration of the prior nonconforming use.
Based on the evidence he presented to the BZA, and Kaluznic's deposition and hearing testimony, Ksiezyk argued that the Peek-a-Boo Club had been continuously operated as a topless bar prior to City regulations requiring the certificate, and was therefore entitled to an adult cabaret certificate based on its prior use. He further argued that the not guilty finding in the 1991 case established its prior use, and precluded any relitigation of that issue. The City argued that the record of the 1991 case was too sparse to establish the grounds for the decision, and that Ksiezyk had failed to establish that the premises had been used as a topless bar prior to the adoption of City ordinances requiring the adult entertainment certificate. It also argued that Ksiezyk, cited for violating the certificate requirement in 1998, had unsuccessfully appealed the finding to the BZA, and had failed to appeal the decision to the court of common pleas. It contended that the 1998 proceedings precluded relitigation of the issue but neither party introduced any record of the 1998 proceedings to the BZA or the court of common pleas.
On October 31, 2000, a journal entry, signed by Judge Cleary, stated, in relevant part:
 Having reviewed briefs in evidence, Court hereby affirms finding of City of Cleveland Board of Zoning Appeals.
Ksiezyk moved, under Civ.R. 52, for findings of fact and conclusions of law, but that motion was never ruled upon. On November 13, 2000, Ksiezyk filed an objection to the judge's decision, stating that she had no authority to decide the case because she was not the assigned judge. At 9:56 a.m. on November 22, 2000, Ksiezyk filed a notice of appeal to this court, and at 10:44 a.m. the same day, a journal entry signed by Judge Russo was filed, stating as follows:
 Appellant's Objection (filed on 11/13/00) is overruled as the decision in this case was rendered by the Hon. Nancy Margaret Russo, and due to her unavailability, was signed by the Hon. Patricia Cleary as permitted by the Civil Rules. Appellant's Counsel notified by phone.
The first of Ksiezyk's three assignments of error states as follows:
 I. THE LOWER COURT COMMITTED ERROR IN THAT AFTER AN EVIDENTIARY HEARING AND WITHOUT A JOURNALIZED ORDER, THE LOWER COURT PERMITTED ANOTHER JUDGE WITHOUT ANY AUTHORITY, TO DECIDE THIS CASE AND SIGN THE FINAL ORDER.
Ksiezyk contends the October 31, 2000 journal entry is voidable because it was not signed by Judge Russo, citing Sup.R. 36 and Berger v. Berger.[2] Sup.R. 36(B)(1) governs the assignment of cases to individual judges:
 As used in these rules, individual assignment system means the system in which, upon the filing in or transfer to the court or a division of the court, a case immediately is assigned by lot to a judge of the division, who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. All preliminary matters, including requests for continuances, shall be submitted for disposition to the judge to whom the case has been assigned or, if the assigned judge is unavailable, to the administrative judge. The individual assignment system ensures all of the following:
 (a) Judicial accountability for the processing of individual cases;
 (b) Timely processing of cases through prompt judicial control over cases and the pace of litigation;
 (c) Random assignment of cases to judges of the division through an objective and impartial system that ensures the equitable distribution of cases between or among the judges of the division.
Under Sup.R. 36(B)(2), each multi-judge general division of the court of common pleas must adopt this individual assignment system. It is conceded that the judges in this case did not comply with this rule; at no point was the case transferred to the administrative judge for reassignment or other disposition in Judge Russo's absence, but was simply taken over by Judge Cleary, in contravention of Sup.R. 36.
Although the November 22, 2000 order suggests a reliance on the Civil Rules as authority for Judge Cleary's act, we have found no such support. While Civ.R. 63 allows the administrative judge, under certain circumstances, to designate another judge to continue and complete a jury trial if the assigned judge is unable to proceed, that rule is wholly inapplicable here because there was no jury trial, the administrative judge did not designate another judge, and Judge Cleary did not certify that she had familiarized herself with the record. If there is some other justification within the Civil Rules or elsewhere, this court is not aware of it.
The City claims that the November 22, 2000 journal entry validated Judge Cleary's order by stating that the October 31, 2000 entry was in fact the decision of Judge Russo but, because of her unavailability, was merely signed by Judge Cleary — characterized as a ministerial act. It relies on a decision of the Court of Appeals for Lucas County, In re Deja H.,[3] holding that any judge of a court may sign a journal entry so long as the entry reflects the decision of the assigned judge.
We first note that the November 22, 2000 order was journalized after Ksiezyk filed the notice of appeal, and is of no effect. After a notice of appeal is filed, a judge retains jurisdiction to make rulings only to the extent that they will not interfere with the appellate court's jurisdiction.[4] The attempt to ratify the order clearly interferes with this court's jurisdiction to determine its validity, and thus exceeded the judge's jurisdiction. Therefore, it is unnecessary to determine whether that ruling was an effective ratification of the October 31, 2000 ruling. Nevertheless, even if the November 22, 2000 journal entry had been filed prior to the notice of appeal it would have been erroneous, because the proper action would have been to void the first judgment entry[5] and enter a new judgment, resulting in, inter alia, new deadlines for filing post-trial motions and notice of appeal.
Sup.R. 36 plainly indicates that Judge Cleary had no authority to sign an order in a case assigned to another judge, regardless of whether she signed the ruling as her own judgment or on Judge Russo's behalf. If the assigned judge is unavailable, the case must be referred to the administrative judge, who will then determine whether the case requires reassignment. The reasons for this method of assignment are clearly stated in Sup.R. 36(B)(1)(a), (b), and (c).
As to the Sixth District Court of Appeals' decision to allow journal entries to be signed by judges other than those assigned to the case without a prior referral to the administrative judge, we decline to follow its lead. Because In re Deja H. does not discuss Sup.R. 36 and furthermore, the journal entry at issue reflected a judgment already noted on the journal by the assigned judge,[6] it is therefore questionable whether its holding would apply here. In any event, with all due respect to that court, we find such procedures fail to ensure the judicial accountability, control, and the objective and impartial system sought in Sup.R. 36. The system prevents a judge who becomes unavailable from steering the case to a particular judge instead of resubmitting it to the administrative judge. Allowing deviation from this system, even for so-called ministerial acts, invites, at the very least, suspicion over the invariable appearances of impropriety that would arise, and creates many more problems than it solves. Strict compliance with Sup.R. 36 is the better rule; it imposes slight, if any, inconvenience on judges while avoiding numerous headaches.
In the alternative, the City argues that, even if Judge Cleary's order is invalid, the remedy should be a limited remand solely for the purpose of allowing Judge Russo to sign and journalize a judgment in its favor. Despite her apparent intent to find for the City as expressed in the November 22, 2000 order, we will not direct the judge's ruling on remand. Until a judgment is properly journalized, the judge retains the ability to review and alter any decision announced unofficially.[7]
Moreover, the judge might allow further evidence or argument prior to issuing a judgment on remand, and the new judgment, once journalized, might present different issues for post-trial motions or appeal. The first assignment of error is sustained.
The second and third assignments state:
 II. THE LOWER COURT ABUSED ITS DISCRETION IN NOT CONSIDERING OR EVEN ADDRESSING THE COMPETENT, CREDIBLE EVIDENCE REGARDING THE NONCONFORMING USE ISSUE.
 III. THE LOWER COURT ABUSED ITS DISCRETION IN NOT CONSIDERING OR EVEN ADDRESSING THE COMPETENT, CREDIBLE EVIDENCE REGARDING A PRIOR CRIMINAL DECISION FROM A COURT OF COMPETENT JURISDICTION.
Because our disposition of the first assignment necessitates reversal and remand, we find these assignments moot under App.R. 12(A)(1)(c).
Judgment reversed and remanded.
It is ordered that the appellant recover from appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, ADM. J. and JAMES D. SWEENEY, J., CONCUR
[1] Fortunately, the entertainment's sophistication is not an issue in this case.
[2] (1981), 3 Ohio App.3d 125, 443 N.E.2d 1375.
[3] (Aug. 20, 1999), Lucas App. No. L-99-1038, unreported.
[4] Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 146, 637 N.E.2d 890, 895.
[5] Berger, 3 Ohio App.3d at 130, 443 N.E.2d at 1381.
[6] In re Deja H., supra.
[7] Economy Fire Cas. Co. v. Craft Gen. Contr.'s, Inc. (1982),7 Ohio App.3d 335, 337, 7 OBR 432, 455 N.E.2d 1037, 1040.