Because I disagree with the majority's analysis and conclusion with regard to the first assignment of error, I respectfully concur in part and dissent in part.
The trial court rendered its decision on the complaint for divorce on July 22, 1999. On July 30, 1999, an entry was filed which amended the July 22 decision to include an order for Rose to pay the mortgage and utility expenses associated with the marital residence. The divorce decree was journalized on December 8, 1999. Rose failed to pay the mortgage and utility expenses, thus requiring Stephen to pay them. He subsequently filed a contempt motion, seeking repayment for the expenses. The trial court found Rose in contempt and ordered, in part, that she reimburse Stephen $6,195.90, the mortgage and utility expenses he had paid.
The majority would reverse the trial court's decision on this issue, holding that the decision on divorce is a "temporary" order. The majority concludes that the divorce decision merged with the final decree, and that the decree definitively replaces all that transpired before it. Because the decree fails to make a specific provision for the payment of the mortgage and utilities, the majority concludes that Rose cannot be held in contempt for her failure to make the payments as ordered by the amendment to the July 22 decision.
As an initial matter, I note that the majority's characterization of the decision on divorce as merely a "temporary" or "interlocutory" order is erroneous. An interlocutory order is one which provides a "temporary judicial remedy" pending the outcome of the proceeding. A Dictionary of Modern Legal Usage (2 Ed. 1995) 460. A decision on divorce, rendered after the completion of the hearing on the matter is not temporary in nature. It is the trial court's opinion related to the final outcome of the trial. While the trial court is free to amend such a final decision before the filing of the decree of divorce, the decision represents a final resolution of the disputed issues and does not provide any sort of "temporary" relief during the pendency of the proceeding.
As a general proposition, the trial court speaks only through properly journalized entries, not through the judge's written opinions or comments. Brackman Communications, Inc. v. Ritter (1987),38 Ohio App.3d 107, 109. However, when an entry incorporates an opinion by reference, and "the journal entry and the judge's opinion conflict, the journal entry controls." Neal v. Neal (Oct. 24, 1994), Butler App. Nos. CA94-03-065 and CA94-03-073, citing Economy Fire and Cas. Co. v.Craft General Contr., Inc. (1982), 7 Ohio App.3d 335, 337. Thus, in the present case, where the trial court's opinion and the journalized decree arguably are in conflict, the language of the decree must control.
It is conceded that the decree fails to make a specific order for Rose to pay the mortgage and utility expenses. However, as observed by the majority, the decree does incorporate the July 22 divorce decision. In pertinent part, the decree states that it incorporates the July 22 decision's "equitable division of the marital and separate property."
The July 30 amendment to the July 22 decision addresses the allocation of the mortgage payment and utility expenses, ordering Rose to pay these items while she occupies the home. The trial court's entry states, in its entirety: "The decision dated 7-22-99 is amended as follows. Pending sale of the residence, Mrs. Bokeno shall have exclusive occupancy and shall pay the mortgage and utilities." While the majority contends that the decree fails to specifically incorporate the July 30 amendment, the entry expressly amends the trial court's previous divorce decision. As an amendment to the trial court's earlier decision, it does not stand alone, but must be considered in the context of the trial court's divorce decision. Thus the decree's incorporation of the divorce decision includes its subsequent amendment.
As well, the majority contends that there is no basis to conclude that the allocation of the mortgage and utility expenses is related to the division of property made in the divorce decision and incorporated in the decree by reference. I again disagree. The allocation of mortgage and utility expenses related to the marital real estate is properly included in the division of marital property. See, e.g., R.C. 3105.171; Yeazellv. Yeazell (Aug. 4, 2000), Clark App. No. 2000CA7; Okos v. Okos (2000),137 Ohio App.3d 563; Nees v. Nees (Aug. 20, 1993), Erie App. No. E-93-03. It is only logical that the trial court allocate such expenses associated with marital property at the same time that it divides the property itself.
The decree, although distributing the marital real estate to Stephen, makes no provision for the payment of the mortgage debt or utilities prior to refinancing. However, such a provision is made in the trial court's divorce decision. Because the decree is silent on this issue, there is no conflict with the decision's express terms ordering Rose to pay the expense. The decree incorporates the decision's division of marital property and there is no conflict between the decree and the decision on this issue. Consequently, I would affirm the trial court's decision finding Rose in contempt for her failure to comply with the order to pay the mortgage and utilities while she occupied the home.
I concur with the majority's conclusion that the trial court properly found Rose in contempt for failing to pay her share of the telephone bill and also concur with the majority's resolution of the second assignment of error.