[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Only Kline has appealed the trial court's judgment.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Philip Gene Kline appeals the Lawrence County Court of Common Pleas' denial of his motion to strike a notice of the dismissal of his bankruptcy petition by the bankruptcy court and the setting of a case management conference. Because we find that Kline suffered no prejudicial error because of the trial court's actions, we affirm the judgment of the trial court.
 I. {¶ 2} In July 2000, Holt Company of Ohio ("Holt") filed a complaint in the trial court seeking to enforce a judgment against Kline. On May 8, 2001, Kline notified the trial court that he had filed for bankruptcy, which automatically stayed the trial court proceedings.11 U.S.C. § 362(a).
 {¶ 3} On September 26, 2001, Holt filed a notice that the bankruptcy court had dismissed Kline's bankruptcy proceeding. The motion indicated that a copy of the bankruptcy court's dismissal entry was attached; however, it was not. The next day the trial court filed two entries; one reactivating the case and another setting a case management conference.
 {¶ 4} In response, Kline filed a motion to strike Holt's notice because it did not have a copy of the bankruptcy's dismissal entry attached. He cited Civ.R. 10(D) in support of his argument. He failed to assert that his bankruptcy proceeding had not, in fact, been dismissed; and, on October 10, 2001, Kline filed a copy of his notice of appeal from the bankruptcy court's dismissal entry.
 {¶ 5} On November 1, 2001, the trial court denied Kline's motion to strike. In response, Kline filed a second request to strike Holt's notice. He again argued that Holt failed to attach a copy of the bankruptcy court's dismissal and argued for the first time that the trial court's reactivation violated his right to equal protection.
 {¶ 6} Kline appeals. Although not labeled as his assignments of error, Kline argues throughout this brief that the trial court erred by (1) reactivating the case, and (2) setting a case management conference.
 II. {¶ 7} We first consider Kline's argument that the trial court erred in reactivating his case. Kline asserts that the trial court erred because: (1) Holt failed to file a copy of the bankruptcy court's dismissal entry as required by Civ.R. 10; (2) the trial court reactivated the case without giving him an opportunity to respond pursuant to Civ.R. 12; (3) it violated several of his constitutional rights.
 {¶ 8} We begin our analysis by noting that Johnson did not raise the constitutional arguments in the trial court except for an equal protection argument.
 {¶ 9} It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, we will not consider issues that an appellant failed to raise initially in the trial court. Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33. Because Kline failed to raise these constitutional arguments except the equal protection argument in the trial court, he has waived them and we will not consider them.
 {¶ 10} Civ.R. 10 provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." Civ.R. 10 does not apply to Holt's notice, because it is not a pleading. Civ.R. 10(D).
 {¶ 11} Moreover, we do not see how Kline was prejudiced by the fact that the bankruptcy court's dismissal was not attached to Holt's notice or because he was not given a chance to respond to the notice, when Kline does not dispute that his bankruptcy proceeding was, in fact, dismissed. "An appellant must demonstrate both error and prejudice to gain a reversal." Economy Fire Cas. Co. v. Craft GeneralContractors, Inc. (1982), 7 Ohio App.3d 335, 337, citing Smith v.Flesher (1967), 12 Ohio St.2d 107, paragraph one of the syllabus. Thus, we find that Kline was not prejudiced by the trial court's case reactivation.
 {¶ 12} Lastly, we consider Kline's equal protection argument. The Equal Protection Clauses of the Ohio and United States Constitutions prevent the state from invidiously discriminating against one classification in favor of a similarly situated classification. Andresv. Perrysburg (1988), 47 Ohio App.3d 51. If there is no fundamental right or suspect classification at issue, courts apply a rational basis level of scrutiny. Granzow v. Montgomery Cty. Bur. of Support (1990),54 Ohio St.3d 35. Courts will uphold the state action at issue if it bears a rational relationship to a legitimate governmental interest.Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666; Adamsky v. BuckeyeSchool Dist. (1995), 73 Ohio St.3d 360; Fabrey v. McDonald Village PoliceDept. (1994), 70 Ohio St.3d 351, 353. Kline provides no explanation of how the trial court's entry invidiously discriminates against one classification in favor of a similarly situated classification. Thus, we find that Kline has not shown that the trial court violated his right to equal protection. See In re Moody (Aug. 7, 2000), Athens 99CA62.
 {¶ 13} Thus, we find no prejudicial error in the trial court's entry that reactivated this case.
 III. {¶ 14} Kline next argues that the trial court erred in setting a case management conference because: (1) Judge Burton did not sign the entry; instead Judge McCown signed Judge Burton's name along with his own; and (2) the trial court did not give him time to respond to the notice before setting the case management conference.
 {¶ 15} We begin our analysis by noting that Johnson did not raise the signature argument in the trial court. Thus, he has waived it and we will not consider it. Stores Realty; Lippy.
 {¶ 16} Kline has failed to explain how the trial court's case management order prejudiced him. Economy Fire; Smith. Thus, we find no prejudicial error in the trial court's entry setting a case management conference.
 IV. {¶ 17} In sum, we find no prejudicial error in the trial court's entries reactivating this case or setting a case management conference. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. Concurs in Judgment Opinion.
Abele, P.J. Not Participating.