[Cite as *Pettit v. Glenmoor Country Club, Inc.*, 2012-Ohio-5622.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STEVEN G. PETTIT, et al., | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Appellees/Cross-Appellants | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012-CA-00088 |
|  | : |  |
|  | : |  |
| GLENMOOR COUNTRY CLUB, INC. | : | O P I N I O N |
|  |  |  |
| Appellant/Cross-Appellee |  |  |

CHARACTER OF PROCEEDING:          Civil Appeal from Stark County
                                 Court of Common Pleas Case No.
                                 2011-CV-03298

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          November 29, 2012

APPEARANCES:

For Appellees/Cross-Appellants          For Appellant/Cross-Appellee

JOHN H. SCHAEFFER                       MICHAEL S. GRUBER
PATRICK E. NOSER                        JASON N. BING
Critchfield, Critchfield & Johnson, Ltd. Zollinger, Gruber, Thomas & Co.
225 North Market Street                 6370 Mt. Pleasant Street, N.W.
P.O. Box 599                            P.O. Box 2985
Wooster, Ohio  44691                    North Canton, Ohio  44720

*Edwards, J.*

{¶1} Defendant-appellant, Glenmoor Country Club, Inc., appeals from the April 5, 2012, Judgment Entry of the Stark County Court of Common Pleas. Plaintiffs-appellees, Steven and Tracy Pettit, have filed a cross-appeal.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 14, 2011, appellees filed a complaint against appellant, a private country club, alleging that appellant had breached its contract with appellees, who were equity members of the club. Appellees also set forth claims of unjust enrichment and negligent misrepresentation. Thereafter, on December 14, 2011, appellant filed an answer and counterclaim. Appellant, in its counterclaim, alleged that it had a lien against any membership interest owned by appellee Steven Petit. Appellant, in its counterclaim, sought judgment against appellees for attorneys' fees incident to the enforcement of its lien rights.

{¶3} Subsequently, on January 10, 2012, appellees filed a Motion for Leave to File an Amended Complaint pursuant to Civ.R. 15(A), seeking to add a claim that appellant had violated the Ohio Sales Practices Act. Pursuant to an Order filed on January 13, 2012, the motion was granted. The trial court granted appellant fourteen (14) days in which to file a response to the Amended Complaint, which was filed on January 13, 2012. Appellees filed a reply to appellant's counterclaim on February 24, 2012.

{¶4} A bench trial was held on February 27, 2012. After the trial, both parties filed Findings of Fact and Conclusions of Law. As memorialized in a Judgment Entry filed on April 5, 2012, the trial court adopted appellant's proposed Findings of Fact and

Conclusions of Law. The trial court, in its Judgment Entry, found that appellees' "claims for breach of contract, unjust enrichment and negligent supervision have not been proven" and that appellant's claim for legal fees was "not well taken."

{¶5}    Appellant now appeals from the trial court's April 5, 2012 Judgment Entry, raising the following assignment of error on appeal:

{¶6}    "THE TRIAL COURT ERRED AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN HOLDING THAT BASED UPON THE LACK OF CLARITY CONCERNING GLENMOOR'S POLICIES, THE PETTITS SHALL NOT BE CHARGED FOR DUES AGAINST THEIR EQUITY CONTRIBUTION AT THE TIME WHEN THEY BECOME ENTITLED TO REPAYMENT OF THEIR EQUITY CONTRIBUTION ASSUMING THE PETTITS NO LONGER ARE OR WILL BE USING THE CLUB."

{¶7}    Appellees have filed a cross-appeal, raising the following assignments on error:

{¶8}    "I. THE TRIAL COURT ERRED IN FINDING THAT THE PETTITS DID NOT PROVE THEIR CLAIM FOR BREACH OF CONTRACT.

{¶9}    "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PETTITS' TIMELY AND UNOPPOSED MOTION TO AMEND THE COMPLAINT."

{¶10}   As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte.

See *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989); *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972).

{¶11} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20.

{¶12} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. § 2505.02(B) provides the following in pertinent part:

{¶13} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶14} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶15} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶16} Civ.R. 54(B) provides:

{¶17} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a

determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶18} Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. § 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties; as is the case here, the order must also satisfy Civ .R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101, ¶ 5–7. We note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, (1989). To be final and appealable, the judgment entry must also comply with R.C. 2505.02. *Id.*

{¶19} As is stated above, the trial court, pursuant to a Judgment Entry filed on January 13, 2012 granted appellees' Motion to Amend their complaint to include a claim alleging that appellant had violated the Consumer Sales Practices Act. The Amended Complaint was filed on the same date.

{¶20} The matter proceeded to a bench trial on February 27, 2012. At the bench trial, the following discussion took place on the record:

**{¶21}** "MR. NOSER [appellees' counsel]: Thank you, Your Honor.

**{¶22}** "The second issue is I just wanted to make sure we have the record clarified as to what issues are at stake in this claim today.

**{¶23}** "On January 10 the Plaintiffs had filed a motion to amend their complaint, and we discussed that at the final pretrial. As far as I'm aware, I have not seen an order denying that motion; although I understand that that was the Court's intent.

**{¶24}** "THE COURT: Yeah.

**{¶25}** "MR. NOSER: So just for the record.

**{¶26}** "THE COURT: That request was denied and is denied." Transcript at 7-8.

**{¶27}** We note that a court of record speaks only through its journal, and not by oral pronouncement. *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. A trial court's oral statements have no legal force and effect unless and until incorporated into a journalized entry. *In Re Guardianship of Hollins,* 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 30. Moreover, where a journalized order and the trial court's comments from the bench are contradictory, the journalized order controls. See *State v. Hillman*, 10th Dist. Nos. 09AP-478, 09AP-479, 09AP-480, 2010-Ohio-256, ¶ 15, citing to *State v. Burnett*, 8th Dist. No. 72373, 1997 WL 578780 (Sept. 18, 1997), citing *Economy Fire & Gas Co. v. Croft Gen. Contractors, Inc.*, 7 Ohio App.3d 335, 455 N.E.2d 1037 (10th Dist. 1982).

**{¶28}** In the case sub judice, the trial court never incorporated its oral statement denying the motion to amend the complaint, which previously had been granted, into a journalized entry. The claim that appellant had violated the Consumer Sales Practices Act thus remains pending. While the trial court, in its April 5, 2012 Judgment Entry,

stated that "[t]his is a final appealable order and there is not just cause for delay", we note, as is stated above, that a finding there is no just cause for delay "... is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136, (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

**{¶29}** Accordingly, the judgment appealed from is not a final, appealable order. The appeal is dismissed.

By: Edwards, J.

Farmer, J. concurs and

Hoffman, P.J. dissents

_____

_____

_____

JUDGES

JAE/d1108

*Hoffman, P.J., dissenting*

{¶30} I respectfully dissent from the majority opinion.

{¶31} While I agree with the general rule a court speaks through its journal, and not by oral pronouncement, I find the procedural posture of this case provides an exception to that rule.

{¶32} The trial court's entry granting Appellees leave to amend their complaint was an interlocutory order subject to reconsideration anytime until a final judgment was entered on the complaint. It is clear the trial court did so when it orally denied the motion before commencement of trial. That is why Appellees have cross-appealed, assigning as error the trial court's decision with respect thereto.

{¶33} The cases cited by the majority all involve situations where the trial court's journalized order contradicted a previous oral comment from the bench.[1] While I agree a subsequent journalized order trumps a trial court's earlier oral pronouncement, I do not believe the same applies when the subsequent oral decision contradicts an earlier interlocutory journalized entry, as is the situation presented herein.

_____
HON. WILLIAM B. HOFFMAN

---

[1] The "contradiction" in *State v. Hillman*, 2010 WL 324417 (Ohio App. 10 Dist.), was presumed based upon the absence of a trial transcript.

[Cite as *Pettit v. Glenmoor Country Club, Inc.*, 2012-Ohio-5622.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEVEN G. PETTIT, et al., | : | |
| | : | |
| Appellees/Cross-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GLENMOOR COUNTRY CLUB, INC | : | |
| | : | |
| Appellant/Cross-Appellee | : | CASE NO. 2012-CA-00088 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellees, Steven and Tracy Pettit.

_____

_____

_____

JUDGES