[Cite as *State v. McCormick*, 2025-Ohio-2858.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT 2025-0023 |
| Plaintiff - Appellant | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR 2024-0646 |
| CINDY McCORMICK, | |
| Defendant – Appellee | Judgment: Reversed and Remanded |
| | Date of Judgment: August 12, 2025 |

BEFORE: Craig R. Baldwin; Kevin W. Popham; and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer for Plaintiff-Appellant; Christopher C. Bazeley for Defendant-Appellee.


*Gormley, J.*

**{¶1}** Appellee Cindy McCormick pled guilty to three felony charges with attached forfeiture specifications in Muskingum County, and she agreed as part of her plea deal that she would forfeit her home. The trial court, though, declined during McCormick's sentencing hearing to order the forfeiture of the home. Because the trial court did not explain its reason for deviating from the plea agreement on the forfeiture issue, and because the sentencing entry does not address the forfeiture issue at all, we now reverse and remand for further trial-court proceedings.

**The Key Facts**

**{¶2}** In September 2024, McCormick was indicted on three felony counts: aggravated possession of drugs, tampering with evidence, and permitting drug abuse.

The grand jury included forfeiture specifications in the indictment with each of those three charges. Those specifications indicated that the property to be forfeited was McCormick's home in the village of Philo, Ohio.

{¶3} In December 2024, McCormick pled guilty to the three felony charges. The plea agreement between McCormick and the state indicated that McCormick had agreed to the forfeiture of her home, and the parties also jointly recommended that a community-control sentence be imposed.

{¶4} At the sentencing hearing two months later, the trial judge directed the state to "explain . . . why this house should be forfeited." After hearing the state's response, the trial court imposed the agreed-upon community-control sentence but declined to order the forfeiture of the house.

{¶5} The trial court's sentencing entry in the case made no mention of the forfeiture issue. The state now appeals.

**This Case Must be Remanded on the Forfeiture Issue**

{¶6} The trial court, in its sentencing entry, noted that McCormick had been found guilty on the three felony charges at issue in the indictment. The portion of the sentencing entry that listed McCormick's convictions also listed the forfeiture specifications that were attached to each charge (with each specification listing the same residential real property). The sentencing entry did not, however, explain what happened to the property listed in those forfeiture specifications.

{¶7} Under Ohio's criminal-forfeiture law, "[i]f a person pleads guilty to . . . an offense . . . and the complaint, indictment, or information charging the offense . . . contains

a specification covering property subject to forfeiture . . . the trier of fact shall determine whether the person's property shall be forfeited."  R.C. 2981.04(B).

{¶8}  In determining whether property that is subject to forfeiture must be forfeited, the trier of fact must determine whether that property should be classified as "contraband," "proceeds," or "an instrumentality."  *See* R.C. 2981.09.

{¶9}  When property that is subject to forfeiture is classified as an instrumentality, the trier of fact must determine whether "the amount or value of the property subject to forfeiture is proportionate to the severity of the offense."  R.C. 2981.09(A).  As part of this proportionality inquiry, the court must consider seven factors that are enumerated in R.C. 2981.09(C) and (D).

{¶10}  The trial court here did not make any findings about whether McCormick's home was or was not an instrumentality as that term is defined in R.C. 2981.01(B)(6) and did not address the R.C. 2981.09 proportionality factors.  To be sure, at the sentencing hearing the trial judge said that he was not going to order the forfeiture of the home.  That oral remark was not, however, sufficient to resolve the forfeiture issue.  *See Pettit v. Glenmoor Country Club, Inc.*, 2012-Ohio-5622, ¶ 27 (5th Dist.) ("a court of record speaks only through its journal, and not by oral pronouncement . . . A trial court's oral statements have no legal force and effect unless and until incorporated into a journalized entry").

{¶11}  The absence of any explanation by the trial judge at the sentencing hearing for his deviation from the plea agreement — the judge's only statement on the issue was "I'm not forfeiting the house" — requires that a new hearing on the forfeiture issue be held.  If, at a new hearing, the trial judge adheres to his views that forfeiture is not an appropriate outcome, the judge must address whether he finds that the real property was

an instrumentality, and if so must explain his findings on the proportionality question. And then of course the trial judge must prepare and sign an entry documenting his decision on the forfeiture issue.

**{¶12}** Our conclusion that a fuller explanation is needed — both orally and in writing — from the trial judge on the forfeiture issue following a guilty plea is limited to cases like this one, where the judge concludes that an agreed forfeiture should not take place. If a trial judge instead accepts a joint recommendation in a plea agreement that calls for certain property to be forfeited, that judge can simply sign an order that specifies the property to be forfeited and identifies the persons or entities to whom the property is to be forfeited. *See State v. Andrews*, 2024-Ohio-4767, ¶ 41 (5th Dist.) (a trial court is "not required to follow the statutory forfeiture proceedings" when the forfeiture of a defendant's property is "effectuated by [a] negotiated plea agreement with [the prosecution]").

**{¶13}** Finally, we note that McCormick has filed a motion here asking that we supplement the appellate record with a copy of the county auditor's most recent appraisal of the real property at issue in the forfeiture specifications. Because the trial court did not explain whether its conclusion on the forfeiture issue was tied to the home's value, and because we are remanding the case to the trial court for a new hearing on the forfeiture issue, we have not considered McCormick's proposed supplementary information.

**{¶14}** For the reasons stated above, the judgment of the Muskingum County Court of Common Pleas is reversed and the case is remanded.  Any court costs are waived.

By: Gormley, J.

Baldwin, P.J., and

Popham, J., concur.