The STATE of Ohio, Appellee,

v.

HANKINS, Appellant.

[Cite as *State v. Hankins* (1993), 89 Ohio App.3d 567.]

Court of Appeals of Ohio,
Allen County.

1–93–10.

Decided May 25, 1993.

*David E. Bowers,* Allen County Prosecuting Attorney, and *Gary R. Hermon,* Assistant Prosecuting Attorney, for appellee.

*Robert W. Kehoe,* for appellant.

EVANS, Presiding Judge.

This is an appeal by the defendant, Glenn L. Hankins, from a judgment entered in the Common Pleas Court of Allen County convicting him of two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) and 2925.-03(A)(4).

On October 7, 1992, appellant offered to sell cocaine to plainclothes police officers. The officers were patrolling in a high drug area when they observed appellant loitering on the street. Appellant indicated he had drugs for sale and the officers stopped their car in order to make a buy. Appellant showed the officers a small bottle containing thirty-seven "rocks" of cocaine. He was subsequently arrested and charged with violating R.C. 2925.03(A)(1) and (A)(4), which read:

"(A) No person shall knowingly do any of the following:

"(1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount;

" * * *

"(4) Possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount."

A jury found appellant guilty of both offenses. As part of the penalty, the trial court sentenced appellant to four to ten years' imprisonment for each crime with eighteen months' actual incarceration on the possession violation. In his comments made during sentencing, the trial judge indicated his opinion that the two violations were allied offenses of similar import. Therefore, the court ordered the sentence on the sale of cocaine violation to run concurrently with the sentence imposed on the possession violation.

From this judgment appellant appeals, asserting the following assignment of error:

"The trial court committed error of law when after the defendant-appellant was found by the trial court to have committed two allied offenses of similar import, the trial court convicted the defendant-appellant of both counts contrary to O.R.C. 2941.25(A)."

We begin our analysis by indicating that, regardless of the judge's comments from the bench, the court's journal entry makes no "finding" that the offenses were allied and of similar import. "The parties can appeal only errors in the judgment of the court, that is, the journal entry; they cannot appeal errors in the judge's comments that are not a part of the judgment entry." *Economy Fire & Cas. Co. v. Craft Gen. Constr., Inc.* (1982), 7 Ohio App.3d 335, 337, 7 OBR 432, 434, 455 N.E.2d 1037, 1040. If the journal entry and the judge's comments conflict, the journal entry controls. *Id.* Because the court has not spoken until its journal entry is filed, a judge can change his or her mind before making a journal entry without giving the parties grounds to appeal. See *State ex rel. Ruth v. Hoffman* (1947), 82 Ohio App. 266, 37 O.O. 568, 80 N.E.2d 235.

In the present case, there is no indication in the trial court's judgment entry that the court found R.C. 2925.03(A)(1) and (A)(4) to be allied offenses of similar import. The comments from the bench at the time of sentencing are not assignable as error and are not reviewable by this court. For this reason alone, the assignment of error lacks merit.

In addition, the two offenses are not allied offenses of similar import. R.C. 2941.25(A) reads:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

In *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, the Supreme Court of Ohio stated the two-tiered test for determining the applicability of this statute. First, the elements of the two crimes are compared to determine if the elements of the offenses correspond to such a degree that the

commission of one crime will result in the commission of the other. If there is a recognized similarity between the elements of the crimes, then the violations constitute allied offenses of similar import and the analysis continues to the second tier of the test where the defendant's conduct is reviewed. *Id.* at 83, 549 N.E.2d at 522. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. *Id.*

The relevant elements of aggravated trafficking in drugs, as charged in this case under R.C. 2925.03(A)(1), are:

(1) knowingly

(2) offer to sell

(3) a Schedule II controlled substance

(4) in an amount less than the minimum bulk amount.

The relevant elements of aggravated trafficking in drugs, as charged in this case under R.C. 2925.03(A)(4), include:

(1) knowingly

(2) possess

(3) a Schedule II controlled substance

(4) in an amount equal to or exceeding the bulk amount but less than three times that amount.

[5] Having reviewed these elements, we are of the opinion that appellant's violations of R.C. 2925.03(A)(1) and (A)(4) are not allied offenses of similar import. It is possible for a defendant to possess illegal drugs without offering them for sale. It is also possible to offer illegal drugs for sale without actually possessing the drugs or transferring them to the buyer. *State v. Scott* (1982), 69 Ohio St.2d 439, 23 O.O.3d 390, 432 N.E.2d 798. For example, a defendant may act as a middleman soliciting buyers of illegal drugs for the individual who actually possesses the drugs; or, a defendant may offer some nonproscribed substance, such as baking soda, for sale under the ruse that it is cocaine. Either of these behaviors could result in violations of R.C. 2925.03(A)(1) without also violating R.C. 2925.03(A)(4). In addition, the Sixth District Court of Appeals has indicated that the amounts of a controlled substance required to create violations of the two paragraphs make the two offenses mutually exclusive. *State v. Smith* (June 19, 1992), Sandusky App. No. S–92–1, unreported, 1992 WL 139917.

Appellant cites the syllabus holding in *State v. Roberts* (1980), 62 Ohio St.2d 170, 16 O.O.3d 201, 405 N.E.2d 247, which reads:

"Where a defendant is charged with the possession for sale of a narcotic drug in violation of R.C. 3719.20(A), and with the sale of a narcotic drug in violation of R.C. 3719.20(B), and the facts demonstrate that both charges are based upon a single sale and involve the same parties and the same type and quantity of drugs, and it is not proven that the defendant possessed a quantity of any type of narcotic drug in excess of the amount sold, the defendant may be indicted for both offenses but may be convicted of only one. R.C. 2941.25(A), applied."

Appellant's reliance on this holding is misplaced. The elements of the two offenses reviewed in *Roberts* were the same. R.C. 3719.20(A) precluded possessing a narcotic drug for sale except in accordance with the provisions of R.C. 3719.10 to 3719.22, inclusive. R.C. 3719.20(B) precluded selling a narcotic drug except in accordance with the provisions of R.C. 3719.01 to 3719.22, inclusive. In reviewing the elements of these offenses, the Supreme Court concluded possession of a narcotic was implicit in the illegal sale of the drug. *Roberts*, 62 Ohio St.2d at 173, 16 O.O.3d at 203, 405 N.E.2d at 250. In contrast, in the instance case the elements of possessing an illegal drug and offering to sell an illegal drug are sufficiently different so as not to constitute allied offenses of similar import.

Having concluded that the elements are sufficiently different so that commission of one crime will not result in the commission of the other, it is not necessary to proceed to the second step and review appellant's conduct in violating these laws.

The trial court's opinion, as stated from the bench, that the offenses were allied and of similar import was incorrect. However, the court's convicting appellant and sentencing him on both offenses was not error and appellant was not prejudiced by the convictions.

The assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.