OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to Appellate rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we elect to render decision by written opinion.
On August 20, 1998, defendant-appellee Jack C. DeLong was stopped by a trooper for the Ohio State Patrol for allegedly crossing the center line. Once stopped, the trooper detected a strong odor of alcohol and noticed that DeLong's movements were sluggish. The trooper administered the field tests, which DeLong failed. A record check showed that DeLong was driving without a valid operator's license. Subsequently, DeLong was arrested for operating a motor vehicle while intoxicated, driving while under an administrative suspension, crossing the center line, and failure to wear a seat belt. DeLong was arraigned on August 24, 1998, and entered pleas of not guilty to all charges.
On October 1, 1998, DeLong filed a motion to suppress all evidence. A hearing was held on the motion on October 15, 1998. At the hearing, the sole issue was whether the trooper had a reasonable and articulable suspicion for the stop. The trooper testified that he saw DeLong cross the center line several times and almost force another vehicle off the road. Then DeLong testified that he had never crossed the center line and that he had not passed any oncoming traffic except for the trooper. After the conclusion of the testimony, the trial court made a finding that the officer did not have a right to stop DeLong. Thus, the trial court ordered all evidence obtained from the stop suppressed and dismissed the charges against DeLong. It is from this judgment that the State appeals.
The State makes three assignments of error.
 The trial court erred in applying the legal standard of probable cause to the underlying "lanes of travel" charge, as opposed to applying the correct legal standard of reasonable and articulable suspicion.
 The trial court erred when it granted DeLong's motion to suppress on the ground that the officer did not have probable cause to initiate a stop of DeLong's vehicle for a "lanes of travel" violation.
 The trial court erred in finding that there was not probable cause for the law enforcement officer to arrest DeLong for operating a motor vehicle while under the influence of alcohol.
All of the assignments of error are based on the trial court's judgment suppressing the evidence for lack of a proper stop. Thus, all of the assignments will be addressed together.
The assignments of error are affirmed on the authority of State v. Litzenberg (Feb. 10, 1999), Paulding App. No. 11-98-12, unreported, which held that a motion to suppress the results of a traffic stop should be reversed when the probable cause standard rather than the reasonable and articulable suspicion standard is used. A trial court speaks through its journal entry. State v. Hankins (1993), 89 Ohio App.3d 567, 626 N.E.2d 965. Here, the journal entry recites that the trial court found no probable cause for the stop and subsequent arrest of DeLong. Thus, the journal entry confirms that the wrong constitutional standard was applied by the trial court in determining the propriety of the initial traffic stop of defendant by the trooper.
The record on appeal reveals that in reaching its findings and judgment, the trial court apparently disbelieved the trooper's testimony bearing on the circumstances of the traffic stop while fully crediting contradicting testimony. Upon that record, we may not correct the trial court's error of law by our applying the correct standard to the evidence received at the suppression hearing. At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972. Thus, our review in this appeal is limited to the judgment of the trial court contained in its entry. The case must be remanded to the trial court for its consideration applying the correct constitutional standard to its findings of fact and its entry of judgment accordingly.
The judgment of the Paulding County Court is reversed and the cause remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
SHAW and WALTERS, JJ., concur.