[Cite as *State v. Shepherd*, 2009-Ohio-3315.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  6-08-16

    v.

TERRY DALE SHEPHERD,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20082218 CRI

**Judgment Reversed and Cause Remanded**

Date of Decision:  July 6, 2009

**APPEARANCES:**

    *Scott B. Johnson*  **for Appellant**

    *Maria Santo*  **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Terry D. Shepherd ("Shepherd") brings this appeal from the judgment of the Court of Common Pleas of Hardin County sentencing him to two consecutive life sentences in prison without the possibility of parole as well as to twenty-six years in prison for violation of parole. For the reasons set forth below, the sentence is reversed.

{¶2} On the night of October 12, 2008, Shepherd killed Judy Kearley and Debra England. He took their bodies to an abandoned farm house where he placed them. Shepherd then set fire to the home to destroy the bodies and fled the scene in the victims' truck. On October 13, 2008, the police located the truck parked behind Shepherd's brother's home and observed blood in the truck bed, damage to the body, and the shattered rear window. Shepherd was soon found hiding in the basement of a nearby residence. Shepherd admitted to the murders when questioned by the police. At the time of the murders, Shepherd was on parole for convictions of rape, aggravated robbery and theft in Hancock County.

{¶3} On November 7, 2008, the Hardin County Grand Jury indicted Shepherd for two counts of aggravated murder in violation of R.C. 2903.01(D). Shepherd entered pleas of not guilty to the charges on November 14, 2008. On December 12, 2008, Shepherd changed his plea to guilty of the charges in the indictment. The trial court immediately proceeded to sentencing. The judgment

entry of conviction and sentence was filed on December 15, 2008. Shepherd appeals from this entry and raises the following assignment of error concerning his sentence.

> **The trial court erred by sentencing [Shepherd] to maximum, consecutive sentences and imposing an additional 26 years for a parole violation.**

This court notes that the conviction itself is not being appealed, only the sentence. Thus, regardless of the outcome, the judgment of conviction will stand.

{¶4} In the assignment of error, Shepherd argues that the trial court erred by making findings of fact in its journal entry. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court found that the fact finding provisions of R.C. 2929.14, including section (E)(4), were unconstitutional and severed them. Any judgment based upon an unconstitutional statute is void and the defendant must be resentenced. Id. at ¶103. See also *State v. Baez*, 6th Dist. No. L-06-1320, 2007-Ohio-3825 (holding that a sentence based upon judicial fact finding is void). Statements made in support of a sentence containing language from the severed sections also violate *Foster*. *State v. Frost*, 6th Dist. Nos. L-06-1142, L-06-1143, 2007-Ohio-3469, ¶67.

{¶5} At the sentencing hearing, the trial court did not make any invalid factual findings in support of the sentence. However, in its journal entry, the trial court made the following statement.

> **Pursuant to [R.C. 2929.14(E)] the Court FINDS for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish Defendant and not disproportionate to the seriousness of Defendant's conduct and the danger Defendant poses to the public.**

Dec. 15, 2008, Entry, 2-3. The State concedes that this is an error that must be corrected. However, the State claims that since nothing concerning the findings from the severed portions of the statute was mentioned at the hearing, it is merely a clerical one which may be corrected via a nunc pro tunc order.

{¶6} This court has previously held and continues to hold that the trial court speaks through its journal entry. *State v. Hankins* (1993), 89 Ohio App.3d 567, 626 N.E.2d 965. "If the journal entry and the judge's comments conflict, the journal entry controls." Id. at 569. The journal entry in this case clearly indicates that the trial court considered the sentencing factors set forth in R.C. 2929.14(E) concerning the imposition of consecutive sentences. Despite the State's argument, we cannot merely assume that this is an instance where a clerk mistakenly typed the wrong number or a clerical mistake that may be corrected via a nunc pro tunc order.[1] The record is that the trial court made findings based upon an unconstitutional statute. Thus, Shepherd must be resentenced.[2]

---

[1] We have nothing before us in the record indicating any attempt by or intent of the lower court to issue a nunc pro tunc order. Thus, we must assume that the judgment entry of sentence accurately reflects the intent of the lower court.

[2] In determining that resentencing is necessary, this court makes no determination as to the appropriateness of the given sentence had the trial court not indicated that it had considered the sentencing factors set forth in R.C. 2929.14(E).

{¶7} This court shares the frustration of all involved that a new sentencing must occur. However, the Ohio Supreme Court in *Foster* addressed the issue of whether sentences based upon unconstitutional statutes must be returned for new sentencing hearings and held that new sentencing hearings were necessary to comply with the dictates of the United States Supreme Court and the Sixth Amendment of the United States Constitution. *Foster*, supra at ¶104. This court must follow the dictates of the Ohio Supreme Court. For the reasons discussed above, the assignment of error is sustained.

{¶8} The judgment of the Court of Common Pleas of Hardin County as to the sentence is reversed and the matter is remanded for resentencing consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, P.J., concurs.**

**ROGERS, J., concurs in Judgment Only.**

**/jlr**