[Cite as *State v. Rodriguez-Baron*, 2012-Ohio-1473.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-176 |
| | ) | |
| ARMANDO C. RODRIGUEZ-BARON, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 05CR490B

JUDGMENT:      Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee      Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant      Armando C. Rodriguez-Baron, Pro-se
A530-175
RiCI
1001 Olivesburg Road
P.O. Box 810
Mansfield, Ohio 44901

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 26, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Armando Rodriguez-Baron, appeals from a Mahoning County Common Pleas Court judgment overruling his motion to correct a void sentence.

{¶2} Appellant was convicted of possession of marijuana, a second-degree felony, in 2007. The trial court sentenced appellant to eight years in prison. Appellant appealed his conviction raising manifest weight of the evidence and joinder issues. This court affirmed his conviction. See *State v. Rodriguez-Baron*, 7th Dist. No. 07-MA-86, 2008-Ohio-4816.

{¶3} On August 27, 2010, appellant filed a pro se motion to correct void sentence and request for hearing. He alleged that the court did not properly inform him of postrelease control. Plaintiff-appellee, the State of Ohio, opposed the motion arguing that the postrelease control language set out in appellant's sentencing entry was correct. The trial court overruled appellant's motion without a hearing.

{¶4} Appellant filed a timely notice of appeal on November 22, 2010.

{¶5} Appellant, still acting pro se, now raises a single assignment of error, which states:

{¶6} "THE TRIAL COURT ERRED WHEN THE COURT DETERMINED THE APPELLANT'S SENTENCE IS NOT VOID."

{¶7} Appellant argues that the trial court mistakenly sentenced him to parole instead of postrelease control. He contends that the parole board plays no part in postrelease control. Therefore, appellant claims, his sentence is void. He contends he is entitled to a de novo sentencing hearing.

{¶8} At appellant's sentencing hearing, the trial court pronounced appellant's sentence and stated:

{¶9} "Following your release from the penitentiary, you'll be placed on parole. Should you violate any term or condition of your parole, back to the penitentiary you go for up to one half of your original sentence, a mandatory eight years. If you'll [sic.] come out, you'll be on parole for three years. If you mess up, you can go back for one half of that time of four years." (Sentencing Tr. 6-7).

{¶10} In the court's judgment entry of sentence, however, it stated:

**{¶11}** "Upon completion of the prison term, the offender shall be subject to a period of **Post-Release Control (PRC)** up to **three (3) years** as determined by the Parole Board pursuant to R.C. 2967.28.

**{¶12}** "If the defendant violated the terms of post-release control, the parole Board may return the offender to prison for a maximum period of nine months for each violation, but the total period of additional prison time imposed by the Parole Board for violations while under post-release control shall not exceed 50% of the defendant's stated prison term. If the defendant is convicted of a felony committed while under post-release control, the court having jurisdiction over the new felony may return the defendant to prison for a minimum period of one year up to the time remaining on post-release control." (Emphasis sic.)

**{¶13}** "A court of record speaks only through its journal entries." *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382, 667 N.E.2d 1194 (1996). As such, the judgment entry, not the open court pronouncement of sentence, is the effective instrument for sentencing a defendant. *State v. Hess*, 7th Dist. No. 00-JE-40, 2001 WL 1568872, *1 (Dec. 6, 2001).

**{¶14}** While the court may have misspoken at appellant's sentencing hearing by saying that he was subject to a term of "parole," it correctly stated in the sentencing entry that appellant was subject to postrelease control. The trial court's sentencing entry correctly identifies that appellant is subject to postrelease control, as opposed to parole.

**{¶15}** Furthermore, "(e)ach sentence to a prison term * * * for a felony of the second degree, * * * shall include a requirement that the offender be subject to a period of post-release control *imposed by the parole board* after the offender's release from imprisonment.* * * Unless reduced *by the parole board* * * *, a period of post-release control required by this division for an offender shall be [for the time set out herein]." (Emphasis added.) R.C. 2967.28(B).

**{¶16}** Thus, contrary to appellant's assertion, the parole board is the entity that monitors postrelease control.

**{¶17}** But another error is apparent in the court's sentencing entry. The entry states that appellant is subject to a period of postrelease control of "up to" three years. Appellant was convicted of a second-degree felony. The proper term of postrelease control for a second-degree felony that is not a sex offense is three years. R.C. 2967.28(B)(2). The "up to" three years period of postrelease control is for offenders who committed third, fourth, and fifth-degree felonies. R.C. 2967.28(C).

**{¶18}** The Ohio Supreme Court set out the remedies for improper notification of postrelease control in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraphs one and two of the syllabus.

**{¶19}** "1. For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio.

**{¶20}** "2. For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191."

**{¶21}** Appellant was sentenced in 2007. Therefore, R.C. 2929.191 applies here.

**{¶22}** "R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term

of up to one-half of the stated prison term originally imposed if the offender violates postrelease control.

**{¶23}** "R.C. 2929.191(C) prescribes the type of hearing that must occur to make such a correction to a judgment entry '[o]n and after the effective date of this section.' The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of postrelease control. R.C. 2929.191 does not address the remainder of an offender's sentence. Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing." *Singleton*, at ¶¶23-24.

**{¶24}** In conclusion, the trial court erred in imposing appellant's period of postrelease control. Appellant's remedy is a notification hearing where the court can correctly state that appellant is subject to a three-year period of postrelease control and enter a corresponding judgment entry. Appellant is not entitled to a de novo sentencing hearing as he contends.

**{¶25}** Accordingly, appellant's assignment of error has merit.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby reversed with regard to the improper imposition of postrelease control. The matter is remanded so that the court can conduct a notification hearing pursuant to R.C. 2929.19 and enter a proper nunc pro tunc judgment entry.

Vukovich, J., concurs.

Waite, P.J., concurs.