[Cite as *State v. Roscoe*, 2015-Ohio-3876.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102191**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY ROSCOE, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-563953-A and CR-12-563166-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 24, 2015

**ATTORNEY FOR APPELLANT**

Stephanie L. Lingle
Lingle Legal Services, L.L.C.
850 Euclid Avenue, Suite 1122
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Brent Kirvel
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1}  Defendant-appellant Anthony Roscoe, Jr. appeals from the judgment of conviction entered by the Cuyahoga County Court of Common Pleas resentencing him on various offenses in accordance with this court's mandate in *State v. Roscoe,* 8th Dist. Cuyahoga No. 99113, 2013-Ohio-3617.  Roscoe contends that the trial court erred in resentencing him on a count of having a weapon while under disability — a count that this court, in Roscoe's prior appeal, had vacated his conviction — and that his sentence on that count should, therefore, be reversed.

**Factual and Procedural Background**

{¶2} Following a bench trial, Roscoe was found guilty of one count of kidnapping with firearm and sexual motivation specifications (Count 1), three counts of rape with firearm specifications (Counts 2-4), two counts of aggravated robbery with firearm specifications (Counts 5-6) and one count of having a weapon while under disability (Count 7).  Roscoe was sentenced to a total prison term of 19 years, which included consecutive sentences.  Roscoe appealed his convictions and sentences.  On appeal, this court (1) vacated his convictions for aggravated robbery and having a weapon while under disability and all of the firearm specifications, concluding that the convictions were not

supported by sufficient evidence, and (2) entered judgment against Roscoe on the lesser-included offense of robbery. *Roscoe* at ¶ 37, 43. The case was remanded to the trial court with instructions to resentence Roscoe pursuant to R.C. 2911.02(A)(2). *Id.* at ¶ 43.

{¶3} The convictions that remained after the disposition of Roscoe's appeal were one count of kidnapping with sexual motivation specifications (Count 1), three counts of rape (Counts 2-4) and two counts of robbery (Counts 5-6). At the resentencing hearing on March 5, 2014, the trial court indicated that Counts 1, 2 and 5 would be merged. The trial court indicated that Roscoe would receive eight-year prison sentences on Counts 2, 3 and 4, to run concurrently with each other, five-year prison sentences on Counts 5 and 6, to run concurrently with each other but consecutive to the eight years imposed on Counts 2, 3 and 4, and a 12-month prison term on Count 7 to be served concurrently with the sentences imposed on the other counts, for a total prison term of 13 years. Although Roscoe's conviction on Count 7 had been vacated in his prior appeal, no one raised the issue at the resentencing hearing.

{¶4} Consistent with its oral pronouncements at Roscoe's resentencing hearing, in its March 14, 2014 journal entry (the "resentencing journal entry"), the trial court stated that Count 1 merged with Counts 2 and 5 and imposed the sentences on Counts 2 through 6 that it indicated it would impose at the resentencing hearing. No sentence was imposed in the resentencing journal

entry as to Count 7. With respect to Count 7, the resentencing journal entry stated: "On a former day of court, the court found the defendant not guilty of having weapons while under disability 2923.13 A(2) F3 as charged in Count(s) 7 of the indictment."

{¶5} Roscoe appeals from the March 14, 2014 resentencing journal entry, raising the following assignment of error for review:

> The trial court erred by resentencing appellant on Count Seven because this court vacated the conviction for Count Seven in the first appeal.

## Law and Analysis

{¶6} In his sole assignment of error, Roscoe contends that the trial court erred in resentencing him to 12 months in prison on Count 7, having a weapon while under disability, because this court vacated his conviction on sufficiency grounds in his prior appeal. Roscoe's argument is meritless.

{¶7} It is well-established that "'[a] court of record speaks only though its journal and not by oral pronouncement or mere written minute or memorandum.'" *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15, quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. Crim.R.32(C) reflects this rule, providing, in relevant part: "A judgment of conviction shall set forth the fact of conviction and the sentence. * * * A judgment is effective only when entered on

the journal by the clerk." Thus, "'[a]n oral pronouncement of sentence in open court does not meet this rule.'" *State v. Draughon*, 10th Dist. Franklin Nos. 11AP-703 and 11AP-995, 2012-Ohio-1917, ¶ 30, quoting *State v. Teets*, 9th Dist. Medina No. C.A. 3022-M, 2000 Ohio App. LEXIS 4228, *4 (Sept. 20, 2000). Accordingly, it is the trial court's judgment entry and not the oral pronouncement of a sentence at a sentencing hearing (or a resentencing hearing) that is "the effective instrument for sentencing a defendant." *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 10-MA-176, 2012-Ohio-1473, ¶ 13 (Because a court of record speaks only through its journal entries, "the judgment entry, not the open court pronouncement of sentence, is the effective instrument for sentencing a defendant.").

{¶8} In *Draughon, supra*, the Tenth District considered an argument very similar to that raised by Roscoe here. In *Draughon*, the trial court granted appellant's Crim.R. 29 motion for acquittal on an aggravated robbery count. *Draughon*, at ¶ 2, 30. At the sentencing hearing, the trial court, nevertheless, orally imposed a sentence of ten years on that count. *Id.* at ¶ 30. The trial court's sentencing entry, however, did not impose a sentence on the dismissed aggravated robbery count. *Id.* The defendant filed a motion to vacate his sentence, asserting, in relevant part, that his sentence was void, was not a final, appealable order and failed to comply with Crim.R. 32(C) because the sentencing entry failed to properly address the dismissal of the aggravated

robbery charge. *Id.* at ¶ 5. The trial court denied the motion, and the Tenth District affirmed the trial court's decision. The Tenth District concluded that because the sentencing judgment entry did not impose a sentence on the aggravated robbery count and the trial court "speaks only through its journal," the trial court did not err in denying the defendant's motion to vacate on that issue. *Id.* at ¶ 2, 30. A similar conclusion is warranted in this case.

{¶9} Here, as in *Draughon*, although the trial court orally pronounced a 12-month sentence on Count 7 during the resentencing hearing, it did not impose that sentence (or any other sentence) on Count 7 in its resentencing journal entry, i.e., its judgment of conviction under Crim.R. 32(C). Rather, the trial court correctly indicated in its resentencing journal entry that Roscoe had not been convicted of having a weapon while under disability as charged in Count 7. Because the trial court speaks only through its journal and there is no journal entry resentencing Roscoe on Count 7, Roscoe has not been resentenced on that count. *Draughon* at ¶ 30; *see also State v. Smith,* 1st Dist. Hamilton Nos. C-080712 and C-090505, 2009-Ohio-6932, ¶ 38 (rejecting argument that trial court erred in imposing sentence for murder that included postrelease control where although sentencing transcript showed that trial court improperly advised defendant that he would be subject to postrelease control during sentencing hearing, the trial court correctly stated in its journal entry that defendant was not subject to postrelease control); *State v. Mercer,*

9th Dist. Summit No. 26361, 2013-Ohio-1527, ¶ 28-30 (overruling assignment of error based on trial court's purported improper sentencing of defendant on allied offenses of similar import where although the trial court, when orally pronouncing defendant's sentence at the sentencing hearing, imposed a sentence on both rape and gross sexual imposition counts, the sentence "was not ultimately reflected in the [trial] court's sentencing entry" in which the trial court ordered the merger of the gross sexual imposition count into the rape count and imposed a sentence only on the rape count); *State v. Stevens*, 2d Dist. Montgomery No. 23817, 2010-Ohio-4766, ¶ 4 (where defendant claimed that the trial court erred in orally pronouncing that defendant serve seven years for both aggravated robbery and kidnapping, appellate court "need not address any misstatement that may have been made during the sentencing hearing" because even assuming the trial court failed to merge the convictions as allied offenses of similar import during the sentencing hearing, the trial court specifically stated in its judgment of conviction that the two counts merged); *State v. Swiergosz*, 197 Ohio App.3d 40, 2012-Ohio-830, 965 N.E.2d 1070, ¶ 49 (6th Dist.) ("[A] sentencing court speaks only through its judgment entry of sentence, not its oral pronouncements. * * * [V]erbal miscues or misstatements in open court during sentencing are harmless.").

{¶10} Roscoe's assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were not reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR