[Cite as *State v. Dirocco*, 2022-Ohio-3221.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JASON DIROCCO,

Defendant-Appellant.

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 21 MA 0116, 21 MA 0117**

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case Nos. 21 CR 460,  21 CR 155

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Vacated and Remanded in part. Dismissed in part.

*Atty. Paul J. Gains*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Kathleen Evans*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.

Dated:  September 7, 2022

**D'Apolito, J.**

{¶1} In these consolidated appeals, Appellant, Jason N. Dirocco challenges a provision regarding his eligibility for an earned reduction of a minimum term, as well as an alleged misstatement regarding a prior conviction, in one of the sentencing entries in two consolidated criminal cases, Nos. 21 CR 155 (21 MA 117) and 21 CR 460 (21 MA 0116). The alleged errors regarding Appellant's eligibility for an earned reduction of a minimum term and the prior conviction appear exclusively in the sentencing entry in 21 CR 155. Although separate sentencing entries were issued in each case, the sentences were imposed at a consolidated sentencing hearing. There was no mention of the alleged prior conviction at the consolidated sentencing hearing, however, the trial court did inform Appellant that he was ineligible for an earned reduction of a minimum term.

{¶2} In 21 CR 155, Appellant was sentenced to an agreed indefinite term of four-to-six years for one count of burglary, in violation of R.C. 2911.12(A)(2)(D), a felony of the second degree. The trial court also imposed sentences of thirty-six months for one count of grand theft, a violation of R.C. 2913.02(A)(1)(B)(2), a felony of the fourth degree, and eighteen months for one count of identity fraud, a violation of R.C. 2913.49(B)(1)(I)(2), a felony of the fourth degree. The sentences were to be served concurrently.

{¶3} In 21 CR 460, Appellant was sentenced to agreed concurrent sentences of twelve months for each of the following: one count breaking and entering in violation of R.C. 2911.13(B)(C), a felony of the fifth degree, one count of possessing criminal tools in violation of R.C. 2923.24(A)(C), one count of vandalism in violation of 2909.05(B)(1)(A)(C), a felony of the fifth degree, and one count of theft in violation of 1913.02(A)(1)(B)(C), a felony of the fifth degree. The sentences were to run concurrently to the sentences imposed in 21 CR 155.

{¶4} Appellant does not challenge the length of his sentences. Instead, he predicates the above-captioned appeals on a provision in the sentencing entry in 21 CR 155 which reads in relevant part, "The Defendant was advised that due to the nature of the offense, that he is not eligible to receive an 'earned reduction of minimum term' of five (5) to fifteen (15) percent for exceptional conduct or adjustment to incarceration as determined by the ODRC." Appellant challenges the inclusion of the foregoing language in the 21 CR 155 sentencing entry because the trial court's conclusion regarding

Appellant's eligibility for an earned reduction in the minimum term is contrary to law. He further asserts that there was no evidence of a prior conviction offered at the sentencing hearing.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT DETERMINED THAT [APPELLANT] IS NOT ELIGIBLE FOR EARNED TIME CREDIT.**

{¶5}   Pursuant to R.C. 2953.08(D)(1), appellate courts cannot review a sentence if it is authorized by law, has been recommended jointly by the defendant and prosecution, and is imposed by the sentencing court. *State v. Douglas*, 7th Dist. Belmont No. 17 BE 0052, 2018-Ohio-5389, ¶ 17. "To be 'authorized by law' under R.C. 2953.08(D)(1), a sentence must comport with all applicable mandatory sentencing provisions." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 29. Appellant contends that his sentence is contrary to law because he is eligible for earned reduction of minimum term pursuant to R.C. 2967.271(F)(1).

{¶6}   At the consolidated sentencing hearing, the trial court inquired, "is burglary considered an offense of violence?" The state responded in the affirmative and the trial court informed Appellant, "[s]o you're not eligible for earned credit pursuant to Revised Code 2963.193[1] and are not recommended for risk reduction sentence [sic] pursuant to Revised Code 2929.143." (11/10/21 Sentencing Hrg., p. 13.) Appellant does not challenge the trial court's conclusion with respect to a risk reduction sentence.

{¶7}   R.C. 2967.271(F)(1) authorizes a reduction of an offender's minimum sentence for "exceptional conduct while incarcerated or the offender's adjustment to incarceration." Pursuant to R.C. 2967.271(F)(7)(b), the length of the reduction is limited to a range of five-to-fifteen percent based on the level of the offense for which the prison term was imposed. Further, eligibility for a reduction of an offender's minimum sentence is limited to offenders serving non-life, indefinite prison terms, who are not serving prison terms for sexually oriented offenses. Accordingly, as conceded by the state, Appellant is eligible for a reduction in the minimum prison term for exceptional conduct pursuant to

---

[1] R.C. 2963.193 does not exist. Chapter 2963 of the Revised Code governs extradition.

Case Nos. 21 MA 0116,  21 MA 0117

R.C. 2967.271(F)(1). The state likewise concedes that no notice of prior conviction was associated with the burglary charge in 21 CR 155.

**{¶8}** In their appellate briefs, both parties address R.C. 2967.193. Despite squarely addressing Appellant's eligibility for a reduction to his minimum sentence in the sentencing entry in 21 CR 155, the trial court at the sentencing hearing appears to have applied the eligibility requirements for R.C. 2967.193, which renders offenders convicted of crimes of violence ineligible for reductions from sentence for participation in certain prison programs. This explains the errant reference to R.C. 2963.193.

**{¶9}** However, we need not address R.C. 2967.193 as the trial court solely addressed Appellant's eligibility for a reduction to his minimum sentence in the sentencing entry in 21 CR 155, rather than his eligibility to participate in the prison programs listed in R.C. 2967.193. " 'A court of record speaks only through its journal entries.' " *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 10-MA-176, 2012-Ohio-1473, ¶ 13, quoting *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382, 667 N.E.2d 1194 (1996). As such, the judgment entry, not the pronouncement of sentence in open court, is the effective instrument for sentencing a defendant. *Id.*

**{¶10}** For the foregoing reasons, we find that Appellant's sole assignment of error has merit. Accordingly, the sentencing entry in 21 CR 155 (21 MA 117) is vacated, and this matter is remanded to the trial court to issue a nunc pro tunc order removing the phrase "with a Notice of Prior Conviction Specification, R.C. 2929.13(F)(6)" from the fourth paragraph in the sentencing entry in 21 CR 155; and the entire fourteenth paragraph, which reads, "[t]he Defendant was advised that due to the nature of the offense, that he is not eligible to receive an 'earned reduction of minimum term' of five (5) or fifteen (15) percent for exceptional conduct or adjustment to incarceration as determined by ODRC." Further, as the offending language only appears in the sentencing entry in 21 CR 155, the appeal of 21 CR 460 (21 MA 116) is dismissed as moot.

Waite, J., concurs.

Robb, J., concurs.

Case Nos. 21 MA 0116, 21 MA 0117

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, as it relates to case number 21 MA 0117, is vacated and remanded to the trial court for a nunc pro tunc entry according to law and consistent with this Court's opinion. Case number 21 MA 0116 is dismissed as moot. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**